**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

Case No. 6:25-bk-04942-LVV

Rigdon, Alexander & Rigdon, LLP

Chapter 7

Debtor.
_______________________________/

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 W. Washington St., Suite 5100, Orlando, Florida 32801, within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

## MOTION TO APPROVE COMPROMISE

Gene T. Chambers, Chapter 7 Trustee ("Trustee"), by and through its undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019, moves for approval of the compromise reached between Trustee and The Swatch Group (U.S.) Inc. (individually, "SGUS" and together with Trustee, the "Parties"), and in support, the Trustee states as follows:

### BACKGROUND

1. On August 5, 2025, an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed against the Debtor, Rigdon, Alexander

& Rigdon, LLP (the "Debtor"), (ECF No. 1), and an Order for Relief was entered on September 25, 2025 (the "Petition Date") (ECF No. 16).

2. Ms. Chambers was duly appointed as the Chapter 7 Trustee for Debtor's bankruptcy estate (the "Estate").

3. On or about March 23, 2026, the Trustee sent to SGUS a Demand for Return of Fraudulent Transfers (the "Demand"). The Demand stated that SGUS received $224,592.70 in transfers of the Debtor's property during the four-year period preceding the filing of the Bankruptcy Case. The transfers were made in connection with purchases of luxury watches, jewelry, and related luxury goods for the personal benefit of Kendall B. Rigdon, an insider of the Debtor. While the Trustee can avoid transfers under the Bankruptcy Code, the Demand sought that SGUS repay the $224,592.70 it received from the Debtor within the four-year period preceding the filing of the Bankruptcy Case (the "Transfer").

4. On May 26, 2026, the Trustee commenced an adversary proceeding against SGUS, styled *Gene T. Chambers, Chapter 7 Trustee v. The Swatch Group (U.S.) Inc.*, Adv. No. 6:26-ap-00099-LVV (the "Adversary Proceeding"), seeking avoidance and recovery of the Transfer.

5. SGUS has not filed an answer to the Adversary Proceeding; however, potential defenses may include that (i) the Debtor was not insolvent at the time of the Transfer, (ii) the Debtor received reasonably equivalent value from SGUS in exchange for the Transfer, and (iii) SGUS took the Transfer in good faith. Rather than litigating these potential defenses, the parties engaged in arms-length settlement negotiations.

**PROPOSED COMPROMISE**

6. Trustee and SGUS have agreed to a compromise of all known claims arising from and relating to the Bankruptcy Case, i.e., the Transfer.

7. Considering the circumstances and taking into account the nature of the dispute and the associated risks, the Trustee and SGUS believe that the terms of the settlement agreement are fair to all parties. The settlement agreement provides in pertinent part as follows:

a. SGUS shall pay the Trustee a total of $8,718.00 (the "Settlement Payment"), representing 10% of the total Omega watch purchases of $87,189.00, incl. taxes, within 7 days of the date of the order granting this Motion (the "Order"); and

b. In addition, the Trustee shall receive 50% of the original purchase price excluding taxes for each Omega watch listed in Exhibit A returned to SGUS within 12 months following the date of the Order in good condition, ordinary wear and tear being acceptable; provided, however, that watches that are severely damaged, broken or materially defective shall not qualify for payment under this provision. If the total amount received by the Trustee under this provision equals or exceeds $35,000.00, the Settlement Payment of $8,718.00 shall be deducted from such amount; and

c. SGUS and its parents, subsidiaries, and affiliates shall be released from any further liability from Debtor or its Estate arising from or relating to the Transfer (collectively, the "Settlement").

8. The Settlement Payment shall be property of the Debtor's bankruptcy estate, free and clear of all liens, claims, and encumbrances, and be administrable by Trustee pursuant to the Bankruptcy Code.

## BASIS FOR REQUESTED RELIEF

9. Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

10. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of a trustee in bankruptcy to enter a settlement is made within his or her business judgment. *See In re Simmonds*, 2010 U.S. Dist. LEXIS 87739 (S.D. Fla. 2010). "Compromises are generally approved if they meet the business judgment of the trustee." *Id*. (citation omitted). The decision of whether or not to approve a compromise is within the sound discretion of the court. *See Id.*; and *see In re Chira*, 367 B.R. 888, 896 (S.D. Fla. 2007) citing *In re Air Safety Intern*., L.C., 336 B.R. 843, 852 (S.D. Fla. 2005); *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

11. When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *See In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *see also In re Gallagher*, 283 B.R. 342, 346 (Bankr. M.D. Fla. 2002).

12. The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *See In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005). These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interests of creditors and proper deference to their reasonable views. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990).

13. In summary, considering the *Justice Oaks* factors, Trustee believes that the Settlement is fair, equitable, and well within the Trustee's sound business judgment under Rule 9019 because the costs, time, and risks, including the risk of non-collection, involved in resolving the bankruptcy estate's interest in the settled claims described herein could yield less than what creditors will receive as a result of the compromise.

14. Because the Settlement comfortably exceeds the lowest point in the range of reasonableness, and no mini-trial on the merits is required to approve it, the Court should grant the Motion and approve the Settlement.

WHEREFORE, Trustee respectfully requests that the Court enter an order (i) approving the Settlement, and (ii) granting such further and other relief that the Court deems just and proper.

Dated: August 31, 2026.

Respectfully submitted,

*/s/Andrew S. Ballentine*

Andrew S. Ballentine, Esq.
Florida Bar No. 118075
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
(407) 966-2680
Email: aballentine@nardellalaw.com
Secondary E-mail: msayne@nardellalaw.com
*Special Counsel for Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2026, a copy of the foregoing Motion to Approve Compromise was provided (i) electronically via CM/ECF to all parties registered to receive electronic notice; and (ii) by electronical mail to Jonathan Kaskel, Esq., Dentons US LLP (jonathan.kaskel@dentons.com), counsel for The Swatch Group (U.S.) Inc.; and (iii) to all parties listed on the attached Local 1007-2 mailing matrix.

*/s/Andrew S. Ballentine*
Andrew S. Ballentine, Esq.

**Exhibit A**

| **Item code** | **Description** | **Serial Number** | **Number** | **Qty** | **Purchase Price excl. taxes** | **Purchase Price incl. taxes** |
|---|---|---|---|---|---|---|
| O32992435110001 | SPD CHRONOSCOPE BRZGOLDBRWN LTHR 43MM | 83847789 | 2022017268 | 1 | 14,000.00 | 14,890.00 |
| O51112392199002 | SEA STST LEATHER W SILVER DIAL | 83540433 | 2022017955 | 1 | 6,500.00 | 6,940.00 |
| O33210415103001 | SPD STST CHRNO W BLUE DIAL | 83759490 | 2022019407 | 1 | 8,600.00 | 9,166.00 |
| O21590442199001 | SEAPO TI SLNTR BZLRNG ORRBR G5 TIDL ORNM | 83639542 | 2022019624 | 1 | 8,800.00 | 9,378.00 |
| O32428385002001 | SP STST 18KSDNA BRUSHGLD GREENALLG STP | 82730860 | 20714 | 1 | 10,600.00 | 11,286.00 |
| O22030432210001 | SEA ST-CRST GREEN WORLDTIMER 43MM | 84241019 | 20920 | 1 | 10,400.00 | 11,074.00 |
| O22032432210001 | SEA ST-CRRUB GREEN WORLDTIMER 43MM | 84362310 | 20971 | 1 | 10,200.00 | 10,862.00 |
| O31192445101005 | SP DARK SIDE BLK CRMC BLK NYLN BLK INDX | 88203024 | 21745 | 1 | 12,800.00 | 13,593.00 |
| **Total** | | | | | **81,900** | **87,189** |